**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4270**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD SHAWN OWENS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.  (5:23-cr-00146-1)

_____

Submitted:  September 4, 2025              Decided:  October 3, 2025

_____

Before HEYTENS, Circuit Judge, and TRAXLER and KEENAN, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Shawn R. McDermott, THE CRIMINAL LAW CENTER, Martinsburg, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Richard Shawn Owens for possession of firearms by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Owens moved to dismiss the indictment, arguing that § 922(g)(9) violates the Second Amendment on its face following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation is valid under Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation"). After the district court denied the motion, Owens pled guilty, pursuant to a conditional plea agreement, and the district court sentenced him to 15 months' imprisonment. On appeal, Owens argues that § 922(g)(9) is unconstitutional on its face and as applied to him. We affirm.

We agree with the parties that Owens's facial challenge to § 922(g)(9) is foreclosed by our recent decision in *United States v. Nutter*, 137 F.4th 224 (4th Cir. 2025), *petition for cert. filed*, No. 25-5339 (U.S. Aug. 13, 2025). There, we held that the statute is facially constitutional and saved "for another case the question of whether or when as-applied challenges to § 922(g)(9) can be made." *Id.* at 229; *see id.* at 230-33. Owens asserts that his case presents the opportunity to address the as-applied issue we left open in *Nutter*. We disagree.

The parties dispute whether Owens waived an as-applied challenge to his conviction by pleading guilty. We decline to resolve the waiver issue because Owens forfeited his as-applied challenge by failing to raise it in the district court and "he is ineligible for relief under the resulting plain-error standard." *United States v. Pittman*, 125 F.4th 527, 531 (4th

2

Cir. 2025). "To be eligible for relief [under that standard], [Owens] must satisfy three threshold requirements: (1) there was error; which (2) was plain; and (3) affected substantial rights." *Id.* at 532 (cleaned up).

To establish that the district court erred, Owens submits to this court several documents related to his 2013 domestic-violence misdemeanor conviction. The problem is that Owens did not submit these documents to the district court, and he has not satisfied the requirements for supplementation of the record under Federal Rule of Appellate Procedure 10(e). Accordingly, we limit our review to the record before the district court and conclude that the district court did not err—plainly or otherwise—in declining to consider an as-applied challenge to Owens's conviction.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*